UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ABDUL K. TAWWAAB, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 08-1894 (RMU) |
| VIRGINIA LINEN SERVICE, INC., *et al.*, | : | Dkt. Nos. 3-4 |
| Defendants. | : | |

**MEMORANDUM OPINION**

This matter is before the court on the defendants' motion to dismiss or, in the alternative, for summary judgment. For the reasons stated below, the court will transfer this action to the United States District Court for the District of Maryland.

I.  BACKGROUND

The plaintiff "was employed by Virginia Linen Service as a route representative, or driver, in Maryland." Mem. in Support of Mot. to Dismiss and/or for Summ. J. ("Defs.' Mot."), Ex. A ("Gwaltney Aff.") ¶ 3. The "entire route was in Maryland," and the events giving rise to the plaintiff's complaint occurred in Maryland. *Id.* According to the plaintiff, on November 1, 2006, he was terminated on the basis of his race and in retaliation for his involvement in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, *see* 42 U.S.C. § 2000e *et seq.* Compl. at 4.

In February 2007, the plaintiff filed a formal Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").[1]  *Id*. at 4; Gwaltney Aff., Ex. 1 (Charge of Discrimination).  The matter was not resolved, Compl. at 4, and the EEOC issued a Notice of Right to Sue on July 24, 2008.  Gwantney Aff., Ex. 2 (Notice of Right to Sue) at 2.

On October 24, 2008, the plaintiff filed this employment discrimination action against Virginia Linen Service, Inc., Assistant General Manager Chuck Miller, and Regional Vice President Lee Gwaltney.  Compl. at 1 (date stamp); *see* Gwaltney Aff. ¶ 2.  With his *pro se* complaint, the plaintiff submitted an Application to Proceed Without Prepayment of Fees and Affidavit.  *See* Dkt. #2.  The court granted the Application on October 30, 2008, *id.* at 2, and on October 31, 2008, the Clerk of Court officially filed these documents and entered them onto the electronic docket.  *See* Dkt. #1-2.

## II.  DISCUSSION

### A.  *Plaintiff Filed His Complaint Timely*

The defendants argue that the plaintiff failed to file his Complaint within 90 days after the EEOC issued its Notice of Right to Sue.  *See* Defs.' Mot. at 3-4.  The court will deny the motion on this ground.

It is presumed that the right-to-sue letter was mailed on the same date of its issuance.  *See Anderson v. Local 201 Reinforcing Rodmen*, 886 F. Supp. 94, 97 (D.D.C. 1995).  The Notice advises that a lawsuit "must be filed <u>WITHIN 90 DAYS</u> from [the claimant's] receipt of th[e] Notice."  Pl.'s Opp'n to Mot. to Dismiss and/or for Summ. J. ("Pl.'s Opp'n"), Ex. B (Notice of

---

[1]  The Charge of Discrimination filed with the Equal Employment Opportunity Commission refers only to discrimination based on Plaintiff's race.  *See* Gwaltney Aff., Ex. 1 (Charge of Discrimination, No. 537-2007-00936).

Right to Sue) (emphasis in original).  The plaintiff establishes that he received the Notice on July 26, 2008.  Pl.'s Opp'n ¶ 1 & Ex. B.  By the court's calculation, the plaintiff's filing deadline fell on October 24, 2008, the date on which the Clerk of Court received the complaint and Application to Proceed Without Prepayment of Fees.

In cases where a plaintiff requests leave to proceed without payment of the filing fee, typically there is a lapse of time between submission of complaint to the Clerk and its official filing and entry onto the Court's electronic docket.  The plaintiff "is not responsible for the administrative delay associated with the [c]ourt's review of his application to proceed *in forma pauperis*."  *Hogue v. Roach*, 967 F. Supp. 7, 8 (D.D.C. 1997); *see Guillen v. Nat'l Grange*, 955 F. Supp. 144, 145 (D.D.C. 1997) (finding that "the presentation of a complaint accompanied with a petition to proceed in forma pauperis tolls the ninety-day period of limitations contained in the right to sue letter").

The court concludes that Plaintiff filed his complaint timely.

### B. This Matter Will Be Transferred to the United States District Court for the District of Maryland

The defendants argue that, under 28 U.S.C. § 1391, venue in this district is improper.  *See* Defs.' Mot. at 2-3.  The court concurs.

There is a clear preference for adjudicating employment discrimination claims in the judicial district most concerned with the alleged discrimination.  *See Stebbins v. State Farm Mutual Auto. Ins. Co.*, 413 F.2d 1100, 1102-03 (D.C. Cir.), *cert. denied*, 396 U.S. 895 (1969).  The proper forum for adjudication of such employment claims is determined by reference to Title VII's venue provision.  *See* 42 U.S.C. §§ 2000e-5(f)(3).  It provides that an employment

discrimination action may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

There is no allegation that any unlawful employment practice was committed in the District of Columbia, that relevant employment records are maintained or administered in the District of Columbia, that the plaintiff worked or would have worked for Virginia Linen Service, Inc. in the District of Columbia, or that the company maintains its principal office in the District of Columbia. *See generally* Compl. The defendants establish that both Mr. Gwaltney and Mr. Miller work for Virginia Linen Service, Inc. in Maryland. Gwaltney Aff. ¶ 2. Mr. Gwaltney resides in Maryland; Mr. Miller recently moved from Easton, Maryland to Alexandria, Virginia. *Id.* Further, the records shows that the plaintiff's former route was in Maryland, and that the events giving rise to the complaint occurred in Maryland. *Id.* ¶ 3; Compl. at 1-3. Even if "much if not most of the business of Virginia Linen Service[] [is] done" in Washington, D.C., Pl.'s Opp'n ¶ 2, the court concludes that venue is not proper in this district. Based on the current record, it appears that venue is appropriate in the District of Maryland, not in the District of Columbia.

At this juncture the court either may dismiss this action or, in the interest of justice, transfer the action "to any district or division in which it could have been brought." 28 U.S.C. §

1406(a). Assuming without deciding that the plaintiff states viable claims under Title VII against the named defendants, the court will transfer this action to the United States District Court for the District of Maryland. *See, e.g., Elezovic v. England*, No. 03-0131, 2003 WL 22383583, at *2 (D.D.C. Oct. 20, 2003) (transferring pursuant to 28 U.S.C. § 1406(a) the Title VII action filed by employee of the National Naval Medical Center in Bethesda, Maryland to the District of Maryland).

### III.  CONCLUSION

The court concludes that the plaintiff timely filed his complaint, that venue in this district is improper, and that transfer of this action is in the interest of justice.  Accordingly, the court will deny the defendants' motion to dismiss for improper venue and timeliness, and will transfer this action to the United States District Court for the District of Maryland.  Resolution of the remaining claims is left for the transferee court.

An Order accompanies this Memorandum Opinion.

RICARDO M. URBINA
United States District Judge

DATE:  February 1, 2009